UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Waylon Hunt, individually and on )
behalf of all others similarly situated, )
)
)
Plaintiffs, )
)
v. ) Civil No. 5:16-cv-325-OLG
)
Calfrac Well Services Corp., )
Calfrac Well Services Ltd., and Charles )
Leykum, Fred Toney, Ben Bodishbaugh, )
and Kevin Moffet, each individually and )
as an officer of Mission Well Services, LLC, )
)
Defendants. )

## ORDER

Before the Court are motions to dismiss filed by Defendant Calfrac Well Services, Corp. and joined by Defendant Calfrac Well Services, Ltd. (collectively, Calfrac) (docket nos. 9, 18). In those motions, Calfrac argues that Plaintiffs have failed to plead facts sufficient to establish Calfrac's successor liability for the violations of the Fair Labor Standards Act (FLSA) alleged in Plaintiffs' complaint.[1] The Court has reviewed Calfrac's arguments, as well as the arguments raised by the parties in their responses and replies (docket nos. 10, 12, 20), and, in light of the applicable law, concludes that Calfrac's motions should be GRANTED.

### Background

Plaintiff Waylon Hunt was employed as a service supervisor with Mission Well Services, LLC (Mission), and he asserts FLSA claims on behalf of himself and all similarly situated Mission service supervisors, alleging that Mission misclassified them as exempt from FLSA's

---

[1] Calfrac's initial motion to dismiss also raised an argument based on the sufficiency of service of process, but Calfrac subsequently abandoned that argument. Docket nos. 9 at 1 n.1; 11; 18 at 2.

overtime pay requirement and failed to pay them the overtime pay required by FLSA. Docket no. 1 at ¶¶ 43, 66-76. Plaintiffs' complaint explains that they assert "successor liability only" as to Calfrac. *Id.* at ¶ 1. The complaint describes the relationship between Mission and Calfrac as follows:

> 12. Upon information and belief, Calfrac Well Services Corp. is the parent company [of] Calfrac Well Services Ltd. and has purchased and is currently operating Mission Well Services, LLC (Mission).
>
> 13. Upon information and belief, Calfrac Well Services Corp. has continued Mission's Texas operations as they existed under Mission's ownership.
>
> 14. Upon information and belief, Calfrac Well Services Corp. was aware of Mission's potential liability to its employees for the FLSA violations asserted in this Complaint.
>
> . . . .
>
> 19. Upon information and belief, Calfrac Well Services, Ltd. has continued Mission's Texas operations as they existed under Mission's ownership.
>
> 20. Upon information and belief, Calfrac Well Services Ltd. was aware of Mission's potential liability to its employees for the FLSA violations asserted in this Complaint.
>
> 21. Calfrac Well Services Ltd. is able to provide adequate relief to Plaintiff directly.

Docket no. 1 at ¶¶ 12-14, 19-21.

## Legal Standards & Analysis

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and Rule 12(b)(6) provides that a complaint may be dismissed if it "fails to state a claim upon which relief can be granted[.]" Courts apply these rules through the two-pronged process outlined by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). First, the Court must identify the complaint's factual allegations, which are assumed to be true,

and distinguish them from any statements of legal conclusion, which are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678, 680-81. Second, the Court must assess whether the assumed-as-true factual allegations set forth a plausible claim to relief. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to determine whether "the well-pleaded facts . . . permit the court to infer more than the mere possibility of misconduct[.]" *Iqbal*, 556 U.S. at 679. Ultimately, the claim is subject to dismissal if it lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Fifth Circuit has identified two factors that are "critical" to the successor liability analysis: whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessor, and the ability of the predecessor to provide relief. *Rojas v. TK Comm'ns, Inc.*, 87 F.3d 745, 750 (5th Cir. 1996). The Fifth Circuit has also identified an overarching question that is relevant to the successor liability analysis: whether there is a continuity of operations and the work force of the successor and predecessor employers. *Id.* The factors that weigh on that question include:

> whether there has been a substantial continuity of business operations; whether the new employer uses the same plant; whether he uses the same or substantially the same work force; whether he uses the same or substantially the same supervisory personnel; whether the same jobs exist under substantially the same working conditions; whether he uses the same machinery, equipment, and methods of production; and whether he produces the same product.

*Id.* (quoting *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 750 (7th Cir. 1985)) (internal numbering omitted); *see also Powe v. May*, 62 F. App'x 557 (5th Cir. 2003) (identifying "three main criteria for imposing successor liability" in a FLSA case: "(1) a substantial continuity of business

operations from the previous entity to its successor; (2) notice to the successor; and (3) the successor's[2] ability to provide relief.") (unpublished).[3]

The Court finds that Plaintiffs have failed to plead facts sufficient to make a plausible showing of successor liability. As to the first two critical questions that bear on the successor liability analysis, Plaintiffs fail to provide any factual matter, but simply state legal conclusions. As to the question of whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessor, Plaintiffs plead only that "[u]pon information and belief, [Calfrac] was aware of Mission's potential liability to its employees for the FLSA violations asserted in this Complaint." Docket no. 1 at ¶¶ 14, 20; *cf. Thompson v. Real Estate Mortgage Network*, 748 F.3d 142, 152 (3d Cir. 2014) (reversing dismissal of FLSA successor liability claim where complaint "alleges that [successor] was essentially controlled by a small supervisory and managerial group . . . who dictated payroll and scheduling and had ongoing knowledge of systematic FLSA violations."); *see also Valdez*, 999 F. Supp. 2d at 945 & n.11. As to the question of the predecessor's ability to provide relief, Plaintiffs plead only that "[Calfrac] is able to provide adequate relief to Plaintiff directly." Docket no. 1 at ¶ 21. This pleading—notwithstanding *Powe*, see *supra* note 2—is inapposite to the relevant question of whether Mission can provide relief to Plaintiffs directly. Plaintiffs' pleading that Mission has been purchased and is now operated by Calfrac suggests that Mission may no longer be in operation, is not capable of providing relief to Plaintiffs directly, and that successor liability

---

[2] *Valdez*, 999 F. Supp. 2d at 942 n.6 (discussing inconsistency between *Rojas* and *Powe* regarding whether Plaintiff must show successor's or predecessor's ability to provide relief, concluding that "this critical factor is the predecessor's ability to provide relief.").

[3] In *Powe*, the Fifth Circuit assumed without deciding that the doctrine of successor liability applies in the context of FLSA claims. *Powe*, 62 F. App'x at 557; *see also Valdez v. Celerity Logistics, Inc.*, 999 F. Supp. 2d 936, 941 (N.D. Tex. 2014) (discussing *Powe* and gathering Texas district court cases).

should apply. *See, e.g., Thompson*, 748 F.3d at 153; *Teed v. Thomas & Betts Power Sols., LLC*, 711 F.3d 763, 766 (7th Cir. 2013); *Rojas*, 87 F.3d at 750 (successor liability not warranted where predecessor was "still a viable entity."). However, speculation by the Court on this question would be improper. In order to state a claim of successor liability, Plaintiffs must provide factual information regarding Mission's ability to provide relief directly to Plaintiffs.

Similarly, the complaint provides no facts bearing on the remaining factors of the successor liability analysis identified by the *Rojas* court. The Complaint does not describe whether Calfrac uses Mission's facilities, workforce, supervisory personnel, job titles, machinery, or equipment, and lacks other information that would make a plausible fact-based showing of a continuity of operations and work force between Mission and Calfrac. *Cf. Thompson*, 748 F.3d at 152 (reversing dismissal of FLSA successor liability claim where complaint "alleges that essentially all facets of the business at issue, including operations, staffing, office space, email addresses, employment conditions, and work in progress, remained the same"). Rather, the complaint merely states a conclusion as to the ultimate question, pleading that "[u]pon information and belief, [Calfrac] has continued Mission's Texas operations as they existed under Mission's ownership." Docket no. 1 at ¶¶ 13, 19.

Plaintiffs' conclusory allegations, which merely repeat the elements that Plaintiffs must establish to make out their claim, are not entitled to the assumption of truth and are insufficient to show the facial plausibility of Plaintiffs' successor liability claim. *See Iqbal*, 556 U.S. at 678 (complaint is insufficient if it is limited to "naked assertion[s] devoid of further factual enhancement." (internal quotation marks omitted); *see also U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 365 (5th Cir. 2014) ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not establish facial plausibility") (internal alterations and

quotation marks omitted). Plaintiffs argue that dismissal is inappropriate because successor liability is an equitable doctrine and "the overall equities could still plausibly result in successor liability against Defendant based on the facts alleged." Docket no. 10 at 7. This argument is unavailing both because Plaintiffs must show more than a mere "possibility" of success, *Iqbal*, 556 U.S. at 679, and because Plaintiffs' pleadings are deficient as to the very factors that determine the equitability of applying successor liability, such as whether the successor is an innocent purchaser without notice of the liability, and whether the predecessor is capable of compensating Plaintiffs for its own alleged wrongdoing. *Thompson*, 748 F.3d at 151 (summarizing discussion of equities of FLSA successor liability in *Teed*, 711 F.3d at 766-67).

Finally, Plaintiffs argue that the Court should deny Calfrac's motions to dismiss because the factual matter that is absent from its pleadings is "uniquely within the sphere of knowledge of Defendant, not Plaintiff who is not privy to the details of the business dealings between Defendant and the predecessor company." Docket no. 10 at 8. The Court is not persuaded that the facts that weigh on continuity of operations—whether Calfrac produces the same product as Mission, or maintains the same employees, supervisors, working conditions, machinery, equipment, methods of production—are inaccessible to Plaintiffs. Moreover, as Calfrac has pointed out, most of Plaintiffs' pleadings as to successor liability are stated "upon information and belief"—suggesting that Plaintiffs are already in possession of some undisclosed information that supplies a basis for their beliefs that "[Calfrac] has continued Mission's Texas operations as they existed under Mission's ownership" and that "[Calfrac] was aware of Mission's potential liablity to its employees for the FLSA violations asserted" in Plaintiffs' complaint. Docket nos. 1 at ¶¶ 13-14, 19-20; 12 at 5.

Plaintiffs have requested leave to amend their complaint in the event that the Court determines that they have failed to state a claim. Docket no. 10 at 9. "Leave to amend should be freely given" and "[g]ranting leave to amend is especially appropriate . . . when the trial court has dismissed the complaint for failure to state a claim[.]" *U.S. ex rel. Adrian v. Regents of Univ. of California*, 363 F.3d 398, 403 (5th Cir. 2004); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

## Conclusion

It is therefore ORDERED that Calfrac's motions to dismiss (docket nos. 9; 18) are GRANTED; and

It is further ORDERED that Plaintiffs may file an amended complaint no later than 14 days from the date below if they wish to pursue their claims against Calfrac.

SIGNED this 29 day of July, 2016.

_____
ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE